CARLTON SIMMONS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Simmons v. Commissioner
Docket No. 6422-92
United States Tax Court
T.C. Memo 1994-222; 1994 Tax Ct. Memo LEXIS 223; 67 T.C.M. (CCH) 2979; May 23, 1994, Filed *223 Carlton Simmons, pro se. For respondent: Sandra M. Jefferson. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 12,201 in petitioner's Federal income taxes for 1987 and additions to tax under sections 6651(a) and 6653(a)(1)(A) and (B). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Remaining in dispute are certain employee business expense deductions and Schedule C deductions. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time he filed his petition, petitioner was a resident of Baltimore, Maryland. In 1987, petitioner was employed full time as an automobile salesman. On his 1987 return, he claimed employee business expense deductions of $ 8,623. After an audit, petitioner was allowed $ 2,038 of the claimed deductions. The items and amounts remaining in dispute are as follows: Item
Amount Claimed
Amount in Dispute Labor
$   120
$   120
Demo fee
2,488
1,188
Lot bags
520
520
Bird dog fees
400
400
Accounts receivable
1,500
1,500
Entertainment
200
200
Gas, oil, service
2,250
2,250
Insurance/towing
407
407
Total
$ 7,885
$ 6,585
*224 Petitioner also worked part time as a self-employed disc jockey in 1987, and he earned total gross income of $ 11,875 from this occupation. On Schedule C of his 1987 return, petitioner deducted expenses of $ 22,104, claiming a net loss of $ 10,229. After an audit, respondent allowed $ 730 of these items. The items and amounts remaining in dispute are as follows: Item
Amount Claimed
Amount in Dispute Transportation
$ 3,900
$ 3,900
Depreciation
3,320
3,197
Insurance
3,231
3,231
Interest
1,431
1,431
Laundry/cleaning
367
367
Repairs
760
760
Supplies
1,500
1,500
Small equipment
3,825
3,218
Labor
2,260
2,260
Meals
560
560
Utilities
600
600
Speaker
300
300
Tolls, parking
50
50
Total
$ 22,104
$ 21,374
Respondent also determined that petitioner was liable for self-employment taxes on his income as a disc jockey. Petitioner also claimed on his 1987 return, but failed to substantiate during audit, a charitable contribution of $ 2,000 and a child care credit of $ 480. Petitioner claimed a dependency exemption for his daughter, Kelly, and head of household filing status. Kelly was 12 years old in 1987 and resided with petitioner's former wife *225 pursuant to a divorce decree that gave his former wife legal custody. During 1987, petitioner received a premature distribution from his individual retirement account in the amount of $ 1,853. Respondent determined that petitioner was liable for the 10-percent premature distribution tax. OPINION Petitioner contends that respondent lost his records during an audit. He did not, however, present any persuasive evidence that the records that were allegedly lost would support any deductions beyond those allowed by respondent's agent during the audit of petitioner's return. Petitioner made no attempt to reconstruct or even to describe the records that were allegedly lost. His testimony on certain items was essentially that the return was correct as filed, which is insufficient to satisfy petitioner's burden of proof. Rule 142(a); Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979). Petitioner presented no evidence with respect to the disallowed dependency exemption, head of household status, child care credit, charitable contribution deduction, or premature distribution from his individual retirement account. The stipulated facts and applicable statutes *226 require that respondent's determination as to these items be sustained. Secs. 2(b), 21(a), 72(t), 151, 152(e), 170(a)(1). Petitioner did testify about the employee business expenses and self-employment expenses that he claimed. He did not recall to whom the items that were claimed were paid. It appeared that the amount deducted as "accounts receivables" related to an automobile accident. Petitioner candidly admitted lack of recollection and vagueness about many of the items claimed as employee business expenses. For example, with respect to $ 520 for "lot bags", petitioner testified "I don't know what that is myself." It appears from petitioner's testimony and the nature of his income-producing activities that he is entitled to some deductions beyond those allowed by respondent. Using our best judgment on the entire record, we conclude that petitioner is entitled to the following additional deductions for employee business expense: Item
Amount
"Bird dog" (finder's) fees
$   400
Gas, oil, service
1,500
Insurance
200
Total
$ 2,100
With respect to the items claimed on Schedule C, petitioner's testimony indicated that some expenses related to use of his home. *227 He failed, however, to satisfy the exclusive use or other requirements of section 280A. He offered no substantiation of the entertainment expenses and depreciation claimed, as required by sections 274(d) and 280F(d)(4). He failed to present any details that would justify the substantial amounts claimed for transportation, insurance, and interest. Many of the amounts claimed appeared to be estimates. Upon due consideration, and using our best judgment on the entire record, we conclude that petitioner is entitled to deduct the following amounts as Schedule C expenses relating to his disc jockey income: Item
Amount
Transportation
$ 1,000
Insurance
300
Interest
200
Repairs
350
Supplies
150
Small equipment
1,000
Labor
1,500
Tolls, parking
40  Total
$ 4,540
See generally Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioner is liable for self-employment tax on the resulting net income from his disc jockey business. Sec. 1401. Petitioner has stipulated that he did not have reasonable cause for filing his 1987 return beyond the due date and that his underpayment of tax is due to negligence or intentional disregard of rules *228 or regulations. He is therefore liable for the additions to tax under sections 6651(a) and 6653(a). Decision will be entered under Rule 155.